NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DAVID L. PERRY, | CIVIL ACTION NO. 17-1397 (JLL) |
| Plaintiff, | **O P I N I O N** |
| v. | |
| CDS SOFTWARE, LLC, | |
| Defendant. | |

**LINARES, District Judge**

The defendant, CDS Software, LLC (hereinafter, "CDS"), moves pursuant to Federal Rule of Civil Procedure (hereinafter, "Rule") 12(b)(6) to dismiss the claims that are asserted against it in this action by the *pro se* plaintiff, David L. Perry. (See dkt. 3 through dkt. 3-5.)[1] Perry has not filed opposition to CDS's motion.

The Court resolves CDS's motion to dismiss upon a review of the papers and without oral argument. See L.Civ.R. 78.1(b). For the following reasons, the Court grants CDS's motion to dismiss.

## BACKGROUND

Perry alleges that CDS called his cellular telephone number without his express consent at 9:24 A.M. on October 14, 2014, by using an Automatic Telephone Dialing

---

[1] The Court will refer to documents by the docket entry numbers and the page numbers imposed by the Electronic Case Filing System.

System (hereinafter, "ATDS"), and for a purpose that was not an emergency. Perry further alleges that he is entitled to damages from CDS, because CDS's conduct violated the Telephone Consumer Protection Act (hereinafter, "the TCPA"). See 47 U.S.C. § 227. In particular, Perry cites 47 U.S.C. § 227(b)(3), which provides for a private cause of action for a violation of the TCPA. (See dkt. 1-1 at 1; dkt. 3-3 at 5.)

## ANALYSIS

### I. Standards

The Court is guided by the following standards in resolving CDS's motion to dismiss.

#### A. Rule 12(b)(6)

It is not necessary for the Court to restate the standard for resolving a motion to dismiss that is made pursuant to Rule 12(b)(6), because that standard has been already enunciated. See Palakovic v. Wetzel, No. 16-2726, 2017 WL 1360772, at *5 (3d Cir. Apr. 14, 2017) (precedential opinion setting forth the standard; explaining Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007), and Ashcroft v. Iqbal, 556 U.S. 662 (2009)); Fowler v. UPMC Shadyside, 578 F.3d 203, 209–12 (3d Cir. 2009) (setting forth the standard; explaining Iqbal and Twombly).

#### B. Unopposed Motions To Dismiss

The deadline for Perry to oppose CDS's motion to dismiss has elapsed, and Perry has failed to file any opposition. However, the Court is nevertheless required to address a defendant's motion to dismiss on the merits even if it is unopposed by a plaintiff. See

Jones v. Unemployment Comp. Bd. of Review, 381 Fed.Appx. 187, 189 (3d Cir. 2010); Stackhouse v. Mazurkiewicz, 951 F.2d 29, 30 (3d Cir. 1991).

### C. Liberal Construction Of *Pro Se* Pleadings

The Court, in addressing CDS's motion to dismiss: (1) construed Perry's claims liberally; and (2) accepted all of Perry's factual allegations as being true, construed the claims in the light most favorable to Perry, and considered whether Perry may be entitled to relief in federal court under any reasonable reading of those claims. See Kissell v. Dep't of Corrs., 634 Fed.Appx. 876, 878–79 (3d Cir. 2015) (citing Iqbal, Twombly, Erickson v. Pardus, 551 U.S. 89 (2007), and Phillips v. County of Allegheny, 515 F.3d 224 (3d Cir. 2008)).

## II. CDS's Motion To Dismiss

### A. The TCPA

ATDS technology is defined as equipment that has the capacity to store, produce, and call telephone numbers using a random or a sequential number generator. See 47 U.S.C. § 227(a)(1).

The TCPA bans the use of ATDS equipment to call a particular phone number without the express consent of the individual recipient, because ATDS equipment is "invasive of privacy" and is an example of one of the "abuses of telephone technology." See Mims v. Arrow Fin. Servs., LLC, 565 U.S. 368, 370–71 (2012) (explaining the purpose of the TCPA, and holding that the federal courts and the state courts have

concurrent jurisdiction over private TCPA claims); Gager v. Dell Fin. Servs., LLC, 727 F.3d 265, 268 (3d Cir. 2013) (explaining the purpose of the TCPA).

### B. The Motion Is Granted

It is uncontested, based upon CDS's arguments in support of its motion to dismiss, that CDS is in the business of merely designing and marketing software for other companies. (See dkt. 3-1 at 5.) Furthermore, it is uncontested that CDS has no direct contact with consumers in general, and that CDS had no direct contact with Perry on October 14, 2014, through telephone calls or otherwise. (See id.)

In addition, the Court notes that the complaint is bereft of even an allegation concerning the contents of the telephone call that Perry received at 9:24 A.M. on October 14, 2014. Cf. Todd v. Citibank, No. 16-5204, 2017 WL 1502796, at *6 (D.N.J. Apr. 26, 2017) (denying a motion to dismiss a TCPA claim, because the plaintiff specifically elaborated on the content of the pre-recorded message that he received, thereby lending credence to his allegations against the defendant).

Other than specifically alleging Perry's cellular telephone number, the complaint offers nothing other than the types of conclusory and speculative statements that are insufficient to counter CDS's arguments. See Twombly, 550 U.S. at 555 (holding that the factual allegations set forth in a complaint "must be enough to raise a right to relief above the speculative level"); see also Zelma v. Burke, No. 16-2559, 2017 WL 58581, at *4 (D.N.J. Jan. 4, 2017) (granting a motion to dismiss a TCPA claim, and reasoning that the plaintiffs had failed to provide any facts beyond bald conclusions that the defendant

had placed any telephone calls to them). Thus, Perry fails to sufficiently allege that CDS has violated the TCPA.

Therefore, CDS's motion to dismiss is granted.

## CONCLUSION

For the aforementioned reasons, the Court grants the motion to dismiss filed by the defendant, CDS Software, LLC. The Court dismisses Perry's claims.

The Court will enter an appropriate order and judgment.

JOSE L. LINARES
United States District Judge

**Dated:** May ___1st___, 2017

5